**LOUISIANA POWER & LIGHT COMPANY, Plaintiff-Appellant,**

v.

**UNITED GAS PIPE LINE COMPANY and Pennzoil United, Inc., Defendants-Appellees.**

**No. 71–1773.**

United States Court of Appeals, Fifth Circuit.

May 14, 1971.

On remand, 332 F.Supp. 692; decision on remand reversed 5 Cir., 456 F.2d 326.

Andrew P. Carter, C. King Mallory, New Orleans, La., for plaintiff-appellant.

Donald E. Walter, U. S. Atty., John T. Guyton, Shreveport, La., William B. Cassin, Baker & Botts, Houston, Tex., W. O. Crain, Jr., Shreveport, La., Gordon Gooch, Federal Power Commission, Washington, D. C., William C. Harvin, Houston, Tex., for appellees.

### ORDER

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

BY THE COURT:

This matter arises out of the complaint of the Louisiana Power & Light Company (LPL) against United Gas Pipe Line Company (United), a wholly-owned subsidiary of Pennzoil United Inc., alleging that United breached its contract with LPL for the supply of natural gas to LPL's electrical generating plants at Sterlington and Nine Mile Point in Louisiana. The Federal Power Commission intervened. On April 27, 1971, the district court, having considered only the complaint and brief of LPL, granted a temporary restraining order prohibiting United from violating its contract curtailing its supply of gas to LPL. The order set a hearing on the preliminary injunction for May 11, 1971. United and the Federal Power Commission thereupon moved to dissolve the temporary restraining order and to dismiss the complaint for the following reasons:

"(1) The complaint fails to state a claim upon which relief can be granted.

(2) The Court lacks jurisdiction over the subject matter, exclusive jurisdiction being vested in the Federal Power Commission under and by virtue of the Natural Gas Act (15 U.S.C.A. § 717 et seq.).

(3) Because this is a collateral attack upon proceedings now in progress before the Federal Power Commission, to which proceedings Plaintiff is a party, and Plaintiff has failed to exhaust its administrative remedies under the Natural Gas Act."

On April 29, 1971, the district court, without a hearing but after having received briefs from the parties and the intervenor, granted leave to the Federal Power Commission to intervene, dissolved the temporary restraining order, and dismissed the suit for lack of jurisdiction. LPL filed a notice of appeal.

On Saturday morning, May 1, 1971, LPL moved for leave to file writs of mandamus and certiorari and, alternatively, for an expedited appeal. LPL also moved for an injunction pending appeal. These matters were presented ex parte to a single judge (Wisdom, J.). In the interest of judiciary economy, he treated these motions as one matter, as this panel does, calling for a stay of the district court's order dismissing the complaint and dissolving the temporary restraining order. Shortly after noon on Saturday, Judge Wisdom declined to pass upon the merits of the motions but issued a stay, subject to further orders of this Court, until a panel could be convened and conduct a hearing on the merits of LPL's motions. See Rule 8(a) of the Federal Rules of Appellate Procedure and Rule 10(b) (11), Local Rules of the United States Court of Appeals for the Fifth Circuit.

On May 5, 1971, a panel of this Court, consisting of the undersigned judges, conducted a hearing at which counsel for the Federal Power Commission, United, and LPL were present and given an opportunity to argue the case at length. The Court has now had an opportunity to consider the briefs, affidavits, and other papers presented at that hearing and subsequent to the hearing.

We note, first, taking an over-simplified view of the case, that the district court had before it as the basis for its decision only the original and amended complaints, the allegations of which must be accepted as true for purposes of a motion to dismiss. According to these allegations, the contract simply involved the direct sale of gas for use or consumption by the purchaser. And such sales are not within the jurisdiction of the Federal Power Commission. The construction of the contract therefore was for the court and United's curtailment of gas deliveries to LPL's plants was a breach of contract, a question within the district court's jurisdiction.

The case, however, is not so simple. It is evident to the Court that there are many disputed issues of fact and mixed issues of fact and law bearing upon a proper interpretation of the contract and a proper construction of the Natural Gas Act, 15 U.S.C. § 717 et seq. Indeed, counsel for the parties argue as if this Court had before it a transcript of testimony, and the district court's findings of fact and conclusions of law. We have concluded therefore that this is the type of case that requires the district court to take jurisdiction for the purpose of determining if it has jurisdiction. With this end in view the district court is directed to hold a full hearing at which the parties may present evidence bearing upon the jurisdictional issue.

The case is important. LPL contends that curtailment of gas deliveries will have a serious detrimental effect on its customers during its peak season, the summer months. United contends that this is a fight about who gets natural gas when there is not enough to go around; that is a matter peculiarly within the province of the Federal Power Commission. The Commission agrees with United and asserts that an adverse decision in this case will have a severe and detrimental impact upon the natural gas industry and the public which it serves. At this time the Commission is conducting curtailment proceedings to which the LPL is a party.

It is therefore ordered:

1. Judge Wisdom's order vacating the district court's judgment of dismissal is reaffirmed as the order of this Court.

2. The case is remanded to the district court for an expedited hearing on the jurisdictional issue and on such other preliminary issues as may properly be raised. This Court expresses no opinion on the jurisdictional issue. At such hearing counsel for the parties and the intervenor may present evidence bearing on the jurisdiction of the court and on other appropriate preliminary questions. The district court will make appropriate findings of fact and state its conclusions of law.

3. Should the district court decide that it has jurisdiction, it will expedite the hearing on the merits. An appeal, if any, will be expedited.

4. This Court continues the stay issued by Judge Wisdom pending the hearing and judgment of the district court.